IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOVAN SIMON | : | CIVIL ACTION |
|         Petitioner | : | |
|    v. | : | |
| | : | |
| MICHAEL WENEROWICZ, et al. | : | |
|         Respondents | : | No. 10-CV-4442 |

**MEMORANDUM AND ORDER**

J. WILLIAM DITTER, JR., Sr. J.               October 12, 2011

  Presently before this court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jovan Simon ("Simon") and the response thereto.  Simon, who is currently incarcerated in the State Correctional Institution in Graterford, Pennsylvania, challenges his incarceration for possession with intent to deliver a controlled substance.  For the reasons that follow, I shall permit Simon thirty additional days to respond to me with his answer to whether he wishes to proceed at this time or after he has completed litigating additional claims in the state court.

**FACTS AND PROCEDURAL HISTORY:**

  After a bench trial before the Honorable Joan A. Brown, Court of Common Pleas of Philadelphia County, Simon was found guilty of possession with intent to deliver a controlled substance.  On January 29, 2004, Simon was sentenced to a mandatory term of four to eight years of imprisonment.

  Simon filed a direct appeal arguing that (1) the evidence was insufficient to prove that Simon possessed the drugs in the house and (2) the prosecutor acted improperly by

eliciting testimony from police officers regarding prior criminal conduct by Simon. The Pennsylvania Superior Court affirmed the judgment of sentence on March 3, 2009. Commonwealth v. Simon, No. 2567 EDA 2007 (Pa. Super. March 3, 2009) (unpublished memorandum). The Pennsylvania Supreme Court denied Simon's petition for allowance of appeal on September 22, 2009. Commonwealth v. Simon, No. 138 EAL 2009 (Pa. Sept. 22, 2009).

Simon filed a petition for a federal writ of habeas corpus on August 31, 2010,[1] claiming:

1) the evidence was insufficient to support his conviction for possession with intent to deliver a controlled substance; and

2) the prosecutor engaged in prosecutorial misconduct when he elicited testimony about Simon's prior criminal conduct.

Respondents have filed an answer to Simon's habeas petition asserting that Simon is not entitled to federal habeas relief because his claims are meritless.

On August 31, 2010, the same date as the filing of the instant habeas petition, Simon filed a timely pro se petition in the state court under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq., attacking the same conviction.[2] See Resp't Answer, at Ex. "D." In his PCRA petition, Simon alleges actual innocence and presents a layered claim of ineffective assistance of counsel for failure to investigate the owner of the residence where the relevant

---

[1] This court will presume that Simon's petition was given to prison authorities on the date on which it was signed, August 31, 2010, and his petition will be deemed filed as of that date. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988) (a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court). Thus, he is within the one-year limitations period of the AEDPA. 28 U.S.C. § 2244(d)(1)(A) (must file within one year of the date on which the judgment of sentence becomes final by the conclusion of direct appeal or the expiration of time for seeking such review).

[2] Because Simon's PCRA petition is still pending in state court, the official state court record for his case in unavailable for federal review.

drugs were found. As of September 27, 2011, the Philadelphia District Attorney confirmed that Simon's PCRA petition is still pending in PCRA court.[3]

On August 16, 2011, I issued a Memorandum and Order instructing Simon to advise the court if he wishes to proceed with his habeas petition as filed, or if he would like the instant petition dismissed without prejudice while he pursues his state court remedies. Although Simon's response was due by September 15, 2011, Simon has not responded to my order.

**DISCUSSION:**

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts"); see also Picard v. Connor, 404 U.S. 270 (1971). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254). Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation." Duncan v. Walker, 533 U.S. 167, 180 (2001).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA")

---

[3] An appeal of an unfavorable determination is also available to Simon and would be required for him to finally litigate these new claims.

with the goal of streamlining federal habeas proceedings.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  Among other things, the AEDPA restricts the ability of federal courts to award relief to state prisoners who file second or successive habeas petitions.  See Burton v. Stewart, 549 U.S. 147, 152 (2007).  Before a second or successive habeas petition is filed in the district court, a petitioner must file a motion in the Court of Appeals seeking an order authorizing the district court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).  The Court of Appeals "may authorize the filing of the . . . successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)."[4]  Burton, 549 U.S. at 153.

      The claims presented in the instant habeas petition were fully exhausted in the state court on direct appeal and are ripe for federal habeas review.  See 28 U.S.C. § 2254(b)(1); see also Commonwealth v. Simon, No. 2567 EDA 2007 (Pa. Super. March 3, 2009) (unpublished memorandum); Commonwealth v. Simon, No. 138 EAL 2009 (Pa. Sept. 22, 2009).  However, Simon has a pending PCRA petition which sets forth claims not presented in the instant petition.  If I were to rule on Simon's habeas petition as filed, Simon may be barred from presenting any of his pending PCRA claims in a second or successive federal habeas petition unless he satisfies the

---

[4] The Court of Appeals may authorize the review of a claim presented in a second or successive habeas petition only if:

    (A) the [petitioner] shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

narrow exceptions found under § 2244(b)(2).

In my last order I did not state what I would do if Simon failed to respond. Thus, in an abundance of caution and in order to give Simon the full benefit of federal habeas review, I shall wait an additional 30 days for his response. However, if he again fails to respond, I will dismiss the instant habeas petition without prejudice to allow Simon to exhaust all of his claims in state court.[5]

An appropriate order follows.

---

[5] As I instructed Simon in my order dated August 16, 2011, § 2254 confers jurisdiction on United States District Courts to entertain petitions for habeas corpus relief only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The Supreme Court has interpreted § 2254 as mandating that the petitioner be "in custody" pursuant to the conviction or sentence he seeks to attack at the time his petition is filed. Carafas v. LaVallee, 391 U.S. 234 (1968). A defendant is not "in custody" under 28 U.S.C. § 2254 if the challenged sentence has fully expired. See Maleng v. Cook, 490 U.S. 488 (1989). I note that in January 2004, Simon was sentenced to a term of four to eight years of imprisonment. Simon filed the instant habeas petition while "in custody;" however, any future petition must be filed before Simon's sentence expires. Otherwise, Simon will have no recourse in federal court.

Further, if Simon refiles a habeas petition he still must satisfy the requirements of the federal habeas corpus limitations period. See 28 U.S.C. § 2244(d)(1). Section 2244 also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Simon's pending PCRA petition will toll the limitations period for the time it remains pending because it was timely, and thus, properly filed. However, the limitations will not begin anew – Simon is required to file for federal habeas relief within the time that remained of the one-year period.

Simon's judgment of sentence became final on December 21, 2009, when the time for the filing of a petition for a writ of *certiorari* with the United States Supreme Court expired. *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) (judgment final after the expiration of the time for seeking *certiorari* has expired whether or not review is actually sought)). Thus, Simon was required to file his *habeas* petition on or before December 21, 2010. As set forth above, his PCRA petition was filed on August 31, 2010, leaving 111 days remaining in the limitations period. Should he decide to proceed in federal court after fully litigating his PCRA petition, he must do so within that time.