IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOVAN SIMON                    :          CIVIL ACTION
            Petitioner         :
    v.                         :
                               :
MICHAEL WENEROWICZ, et al.     :
            Respondents        :          No. 10-4442


**MEMORANDUM**

J. WILLIAM DITTER, JR., Sr. J.                    December  8, 2011

        Presently before this court is a pro se petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 by Jovan Simon ("Simon") and the response thereto.

Simon, who is currently incarcerated in the State Correctional Institution in Graterford,

Pennsylvania, challenges his incarceration for possession with intent to deliver a

controlled substance.  For the reasons that follow, the petition will be denied.

**FACTS AND PROCEDURAL HISTORY:**

        The state court summarized the relevant facts leading up to Simon's arrest as

follows:

        Philadelphia Police Officer Kevin McNamara testified that, on February 25,
        2003 at around 7:30 p.m., he came into contact with [Simon] inside the
        living room of a residence located at 4027 Higbee Street in Philadelphia.
        The only other person inside the residence at the time were an adult female
        and two small children.  [Simon] had a gunshot wound to his left leg.
        Philadelphia Police Officer Joseph Dalessio testified that an agitated
        [Simon] repeatedly told police "I want you out of my house."

        Paramedics arrived a few minutes later and transported [Simon] to the
        hospital.  Paramedic Daniel O'Reilly testified that he heard [Simon] several
        times refer to the residence as his house.  In the ambulance, [Simon] called

his brother using the paramedic's cell phone.  Paramedic O'Reilly heard [Simon] tell his brother to go to **his** home, lock it up, and tell the police to leave.  Paramedic O'Reilly also heard [Simon] tell his brother that he had things in his home that he did not want the police to see.

Police conducted a search of the premises later that day, recovering a bag of crack cocaine, a bag of marijuana, and a lidless pot containing cooked crack cocaine from the kitchen area.  Also seized was a bag of cocaine and a scale to weigh the drugs from atop an entertainment center in the living room.  The total weight of all the cocaine seized from the residence was 252.1 grams.  Philadelphia Police Officer Walter Szamatowitz testified that it was his expert opinion that, in view of the quantity and the manner in which the drugs were divided, the drugs were possessed for distribution.

Commonwealth v. Simon, 2567 EDA 2007, slip op. at 2 (Trial Ct, March 25, 2008) (unpublished memorandum) (emphasis in original) (citations omitted).

After a bench trial before the Honorable Joan A. Brown, Court of Common Pleas of Philadelphia County, Simon was found guilty of possession with intent to deliver a controlled substance.  On January 29, 2004, Simon was sentenced to a mandatory term of 4 to 8 years of imprisonment.

Simon filed a direct appeal arguing that (1) the evidence was insufficient to prove that Simon possessed the drugs in the house and (2) the prosecutor acted improperly by eliciting testimony from police officers regarding prior criminal conduct by Simon.[1] The Pennsylvania Superior Court affirmed the judgment of sentence on March 3, 2009. Commonwealth v. Simon, No. 2567 EDA 2007 (Pa. Super. March 3, 2009) (unpublished

---

[1]Although Simon's direct appeal was initially dismissed due to ineffective assistance of appellate counsel, Simon's appellate rights were reinstated *nunc pro tunc* on September 5, 2007, allowing Simon to fully present his claims on direct appeal to the state courts.

memorandum).  The Pennsylvania Supreme Court denied Simon's petition for allowance

of appeal on September 22, 2009.  Commonwealth v. Simon, No. 138 EAL 2009 (Pa.

Sept. 22, 2009).

Simon filed a petition for a federal writ of habeas corpus on August 31, 2010,[2]

claiming:

> 1) the evidence was insufficient to support his conviction for possession with
> intent to deliver a controlled substance; and

> 2) the prosecutor engaged in prosecutorial misconduct when he elicited
> testimony about Simon's prior criminal conduct.[3]

Respondents have filed an answer to Simon's habeas petition asserting that Simon is not

---

[2]This court will presume that Simon's petition was given to prison authorities on the date on which it was signed, August 31, 2010, and his petition will be deemed filed as of that date. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988) (a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court).  Thus, he is within the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  28 U.S.C. § 2244(d)(1)(A) (a petitioner must file a habeas petition within one year of the date on which the judgment of sentence becomes final by the conclusion of direct appeal or the expiration of time for seeking such review).

[3]On August 31, 2010, the same date as the filing of the instant habeas petition, Simon filed a pro se petition in the state court under the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, et seq.  See Resp't Answer, at Ex. "D."  Although Simon's PCRA petition is still pending in PCRA court, his PCRA claims are not presented in this habeas petition.  In orders dated August 16, 2011, and October 12, 2011, I advised Simon of his right to either proceed with his habeas petition as filed, or to re-file an all-inclusive habeas petition after he has completed litigating his PCRA claims in state court.  He was also advised that proceeding on this petition without the inclusion of his PCRA claims may result in those claims being barred from federal habeas corpus review unless he satisfies one of the exceptions fund under § 2244(b)(1) permitting the filing of a successive petition.  On November 9, 2011, Simon stated that he wished to proceed with his habeas petition as originally filed.

entitled to federal habeas relief because his claims are meritless.[4]

**DISCUSSION:**

### A.    Standard of Review

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362 (2000). In Williams, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." 529 U.S. at 412-413 (quoted in Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000)). The Court in Williams further stated that "[u]nder the 'unreasonable application'

---

[4]Because Simon's PCRA petition is pending in state court, the official state court record for his case is unavailable for federal review. Nonetheless, review of the record is not essential for disposition of his claims. In a habeas petition, a determination of a factual issue made by a state court is presumed to be correct absent clear and convincing evidence to the contrary. See 28 U.S.C. § 2254(e)(1). Simon has not presented any clear and convincing evidence which contradicts the facts set forth by the state court in its opinions.

clause, a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies

that principle to the facts of the prisoner's case."  Id. at 413.  The "unreasonable

application" inquiry requires the habeas court to "ask whether the state court's application

of clearly established federal law was objectively unreasonable."  Id. at 409.  "In further

delineating the 'unreasonable application of' component, the Supreme Court stressed that

an unreasonable application of federal law is different from an incorrect application of

such law and a federal habeas court may not grant relief unless that court determines that

a state court's incorrect or erroneous application of clearly established federal law was

also unreasonable."  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing Williams,

529 U.S. at 411).

### 1.     Sufficiency of the Evidence

Simon first argues that the evidence produced at trial was insufficient to sustain his

conviction for possession with intent to deliver a controlled substance because the

Commonwealth did not prove that he actually or constructively possessed any drugs.  It

has long been established that due process requires that a person can only be convicted of

the crime with which he is charged by proof of every element of the criminal offense

beyond a reasonable doubt.[5]  Jackson v. Virginia, 443 U.S. 307, 316 (1979); In re

---

[5]When reviewing a sufficiency of the evidence claim on habeas corpus review, federal
courts look to the evidence the state considers adequate to meet the elements of a crime governed
by state law.  Jackson v. Byrd, 105 F.3d 145, 149 (3d Cir. 1997).

Winship, 397 U.S. 358, 364 (1970); Davis v. United States, 160 U.S. 469, 488 (1895).  In

reviewing challenges to the sufficiency of the evidence, a court must determine "whether,

after reviewing the evidence in the light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime beyond a reasonable

doubt."  Sullivan v. Cuyler, 723 F.2d 1077, 1083-84 (3d Cir. 1983) (quoting Jackson, 443

U.S. at 319) (emphasis in original); see also McDaniel v. Brown, - U.S. - , 130 S.Ct. 665,

673 (2010).  The task of resolving differences in the testimony, weighing the evidence,

and drawing reasonable inferences from basic facts to ultimate facts is reserved for the

factfinder and is beyond the scope of federal habeas sufficiency review.  Jackson, 443

U.S. at 319.

      The AEDPA has limited a habeas court's role in reviewing a claim that the

evidence adduced at trial was insufficient to support a conviction.  Under 28 U.S.C. §

2254(d)(1), a writ of habeas corpus may be issued for evidentiary insufficiency only if the

state courts have unreasonably applied the Jackson "no rational trier of fact standard" or

the state equivalent of the Jackson standard.  See Kirnon v. Klopotoski, 620 F.Supp.2d

674, 686 (E.D. Pa. 2008).

      I conclude that the state courts' application of the state court equivalent of the

Jackson standard was within the bounds of reasonableness.[6]  As previously noted, Simon

---

[6]Although the state court did not specifically cite Jackson, Pennsylvania law comports
with the Jackson standard.  See Evans v. Court of Common Pleas, Delaware County, 959 F.2d
1227, 1232 (3d Cir. 1992).

was convicted of possession with intent to deliver a controlled substance.  Under

Pennsylvania state law, "the manufacture, delivery, or possession with intent to

manufacture or deliver, a controlled substance by a person not registered" by the

appropriate state board is illegal.  35 Pa.C.S. § 780-113(30).  In analyzing Simon's claim,

the state court summarized the relevant state law on constructive possession of a

controlled substance as follows:

> In situations where "contraband is not found on the defendant's person, the
> Commonwealth must establish 'constructive possession,' that is, the power
> to control the contraband and the intent to exercise that control."
> Commonwealth v. Haskins, 677 A.2d 328, 330 (Pa. Super. 1996), *appeal
> denied*, 692 A.2d 563 (Pa. 1997) [citation omitted].  Furthermore, the fact
> that another person may exhibit constructive possession does not eliminate
> the possibility of the defendant's constructive possession because "two
> actors may . . . constructively possess the contraband."  Id. [citation
> omitted].

Commonwealth v. Simon, No. 2567 EDA 2007, at 3 (Pa. Super. March 3, 2009).  The

Superior Court then applied the facts of the case as follows:

> The record reflects that police found the drugs in a residence [Simon]
> shared with his girlfriend.  [Simon] specifically referred to the residence as
> his house when he told the police to get out.  N.T., 12/10/03, at 45.
> Paramedics also overheard [Simon] tell his brother to go to **his** home, tell
> the police to leave, and lock up because there were things in there he did not
> want police to see.  Id. at 57.  Police found the drugs in plain view in
> common areas of the home.  Id. at 16-21.  Even though [Simon's] girlfriend
> had access to the drugs, the record reflects sufficient evidence of [Simon's]
> constructive possession.

Id. at 3-4 (emphasis in original).

When viewed in its entirety, there is sufficient evidence satisfying the elements of

possession with intent to deliver a controlled substance.  Under Pennsylvania law, constructive possession may be proved by circumstantial evidence.  Haskins, 677 A.2d 330 (citing Commonwealth v. Macolino, 469 A.2d 132 (1983)); see also Jackson, 443 U.S. at 324-325 (circumstantial evidence by itself may suffice for a finding of guilt beyond a reasonable doubt).  Moreover, "[t]he requisite knowledge and intent may be inferred from examination of the totality of the circumstances."  Id. (citing Commonwealth v. Thompson, 428 A.2d 223 (1981)).  Police found Simon in a house which he repeatedly referred to as his home and where drugs were observed in plain view of the common areas.[7]  Moreover, a police officer testified at trial that, based upon the quantity and the manner in which the drugs were divided, the drugs were possessed for distribution.  Commonwealth v. Simon, 2567 EDA 2007, slip op. at 2 (Trial Ct, March 25, 2008) (citing N.T. 12-10-03, at 32-37).  It is reasonable for the trial court to find that Simon had the intent to control and distribute the drugs found in his home and to find him guilty based upon the evidence provided by the Commonwealth.  Since the state courts' findings are not contrary to United States Supreme Court precedent nor an unreasonable determination of the facts, the state courts' findings will not be overturned.  28 U.S.C. § 2254(d).  Accordingly, Simon's claim is denied.

### 2.    Prosecutorial Misconduct

Simon next claims that he was denied a fair trial when the prosecution elicited

---

[7]Indeed, Simon acknowledges that he referred to the house where the drugs were found as his home.  See Pet'r Mem. of Law, at p. 8.

testimony regarding criminal conduct deemed inadmissible by prior trial court order.  In

Smith v. Philips, 455 U.S. 209, 219 (1982), the United States Supreme Court held that the

touchstone of due process analysis in cases alleging prosecutorial misconduct is the

fairness of the trial rather than the culpability of the prosecutor.  The standard is whether

the prosecutor's alleged misconduct "so infected the trial with unfairness as to make the

resulting conviction a denial of due process."  Darden v. Wainwright, 477 U.S. 168, 181

(1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637 (1974)).

       In reviewing this claim, the Superior Court pointed out that the police arrived at

Simon's residence in response to a report that Simon had been shot.  Commonwealth v.

Simon, No. 2567 EDA 2007, at 4 (Pa. Super. March 3, 2009).  The circumstances of the

shooting were deemed inadmissible by the trial court prior to trial.  Id.  Simon argued in

state court that the following exchange illustrates how the prosecutor solicited references

to the shooting:

|  |  |
|---|---|
| Q: | How was he then? |
| A: | Calm.  He just kept trying to tell us that two males shot him. |
| [Defense Counsel]: | Objection. |
| The Court: | I'll sustain that. |
| Q: | Officer, you cannot, as I told you before, tell us the circumstances under which the defendant was shot. |

N.T., 12/10/03, at 46-47.

Id. at 5.  In denying Simon's claim, that Superior Court stated the following:

> The prosecutor stated that she had directed the witnesses, prior to trial, to
> abide by the pre-trial ruling regarding inadmissible evidence.  Id. at 10.  The
> record reflects that the trial court sustained defense counsel's objections to
> references to the shooting, and the prosecutor reminded the witnesses of
> their responsibility to adhere to the pre-trial ruling.  Id. at 46-47.  Moreover,
> the trial court, sitting as fact-finder, is presumed to apply the law and
> disregard inadmissible evidence.  The record does not reflect prosecutorial
> misconduct, much less conduct that would prejudice the trial judge sitting
> as fact finder.

Commonwealth v. Simon, No. 2567 EDA 2007, at 5 (Pa. Super. March 3, 2009).

I conclude that the prosecutor's alleged misconduct in this case did not render

Simon's trial fundamentally unfair.  Darden, 477 U.S. at 181. As the state court pointed

out, the prosecutor properly instructed her witnesses to limit their testimony to preclude

references to Simon's shooting.  Because Simon has failed to present any specific

evidence that the prosecutor deliberately circumvented the suppression court's ruling

through her questions, the prosecutor cannot be held responsible for her witnesses' failure

to abide by her specific instructions.

In any event, this was a bench trial.  The trial court is deemed capable of sorting

through the evidence and disregarding inadmissible evidence.  See, e.g., Walton v.

Arizona, 497 U.S. 639, 653 (1990), *overruled on other grounds by* Ring v. Arizona, 536

U.S. 584 (2002) ("[t]rial judges are presumed to know the law and to apply it in making

their decisions").  Here, the trial court was aware of the inadmissibility of the evidence,

immediately sustained defense counsel's objection, and disregarded the evidence

appropriately.  <u>Commonwealth v. Simon</u>, No. 2567 EDA 2007, at 4 (Phila. Ct. of Common Pleas, March 25, 2008) ("the court sustained all of [Simon's] objections to the admission of this evidence, and instructed itself in this bench trial to disregard any and all references thereto").  As a result, any impermissible references by the witnesses did not infect "the trial with unfairness as to make the resulting conviction a denial of due process."  <u>Darden</u>, 477 U.S. at 181.  This claim is denied as meritless.

**<u>CONCLUSION</u>:**

After close and objective review of the arguments and evidence, I conclude that Simon's petition for writ of habeas corpus is meritless.  Accordingly, Simon's petition will be denied.

Similarly, because Simon's claims are both legally and factually meritless, there is no need to conduct an evidentiary hearing, as it would not change the outcome of this matter.  <u>See</u> 28 U.S.C. § 2254(e)(2); <u>see also</u> <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (citations omitted).

An appropriate order follows.

12